1  KAMALA D. HARRIS
   Attorney General of California
2  MARC A. LEFORESTIER
   Supervising Deputy Attorney General
3  S. MICHELE INAN, State Bar No. 119205
   PETER H. CHANG, State Bar No. 241467
4  Deputy Attorney General
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5939
6    Fax:  (415) 703-1234
     E-mail:  Peter.Chang@doj.ca.gov
7  *Attorneys for Defendant Kamala D. Harris,*
   *in her official capacity as California Attorney*
8  *General*

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14  **FIREARMS POLICY COALITION**          2:16-cv-01144-MCE-AC
    **SECOND AMENDMENT DEFENSE**
15  **COMMITTEE; ET AL.,**

16                            Plaintiffs,   **DEFENDANT'S REQUEST FOR**
                                            **JUDICIAL NOTICE IN SUPPORT OF**
17       v.                                 **OPPOSITION TO MOTION FOR**
                                            **PRELIMINARY INJUNCTION**
18
    **KAMALA D. HARRIS,** in her official   Date:        June 9, 2016
19  capacity as Attorney General of California,   Time:        2:30 p.m.
                                            Courtroom:   7
20                            Defendant.    Judge:       Hon. Morrison C. England, Jr.
                                            Trial Date:  None
21                                          Action Filed: May 26, 2016

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### REQUEST FOR JUDICIAL NOTICE

Defendant Kamala D. Harris, in her official capacity as the Attorney General of California, respectfully requests that the Court take judicial notice of excerpts of the transcript of the August 28, 1989, hearing held by the Assembly Committee on Utilities and Commerce, attached to the accompanying Declaration of Counsel as Exhibit A.

The Court should take judicial notice of the 1989 hearing transcript either as legislative fact, or under Federal Rule of Evidence 201.

It is well established that when the constitutionality of a statute is at issue, a court's decision "must be based largely on legislative, as opposed to adjudicative, facts." *Daggett v. Comm'n on Governmental Ethics and Election Practices*, 205 F.3d 445, 455-56 (1st Cir. 2000) ("In a [constitutional law] case like this, a conclusion of law as to a Federal right and a finding of fact are so intermingled as to make it necessary, in order to pass upon the Federal question, to analyze the facts. . . . Our decision must be based largely on legislative, as opposed to adjudicative facts.") (internal quotation and citation omitted); *see also Korematsu v. United States*, 584 F.Supp. 1406, 1414 (N.D. Cal. 1984) ("Legislative facts are facts of which courts take particular notice when interpreting a statute or considering whether [a legislative body] has acted within its constitutional authority.").

Legislative facts go to the content and justification for a statute, and are usually "not proved through trial evidence but rather by material set forth in the briefs, the ordinary limits on judicial notice having no application to legislative facts." *Dagett*, 205 F.3d at 455-456 (internal quotation and citation omitted); *Assoc. of Nat'l Advertisers, Inc. v. Fed. Trade Comm'n*, 627 F.2d 1151, 1162 (D.C. Cir. 1979) (legislative facts are facts that help the court determine the content of law and policy, and need not be developed through evidentiary hearings). Where legislative facts are concerned, a court has broad discretion in granting judicial notice. Notably, there is no federal rule of evidence that constrains the judicial notice of legislative facts. See Advisory Comm. Notes to Fed.. R. Evid. 201(a) (Rule 201 "is the only evidence rule on the subject of judicial notice. It

1

1    deals only with judicial notice of 'adjudicative' facts.  No rule deals with judicial notice of

2    'legislative' facts.").

3        Rule 201(b) of the Federal Rules of Evidence states that "[a] court may judicially notice a

4    fact that is not subject to reasonable dispute" if it either "(1) is known within the trial court's

5    territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

6    accuracy cannot reasonably be questioned."  Under Rule 201(b), a court may take judicial notice

7    of "matters of public record."  Lee v. City of Los Angeles, 260 F.3d 668, 688 (9th Cir. 2001),

8    *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th

9    Cir. 2002).  A court "must take judicial if a party requests it and the court is supplied with the

10   necessary information."  Fed. R. Evid. 201(c)(2).

11

12

13   Dated:  June 3, 2016                                  Respectfully Submitted,

14                                                         KAMALA D. HARRIS
                                                          Attorney General of California
15                                                         MARC A. LEFORESTIER
                                                          Supervising Deputy Attorney General
16                                                         S. Michele Inan
                                                          Deputy Attorney General

17                                                         /s/ Peter H. Chang

18                                                         PETER H. CHANG
                                                          Deputy Attorney General
19                                                         *Attorneys for Defendant Kamala D.*
                                                          *Harris, in her official capacity as*
20                                                         *California Attorney General*

21   SA2016101044
     20861398.docx
22

23

24

25

26

27

28

2

**DECLARATION OF PETER H. CHANG**

I, Peter H. Chang, declare:

1.      I am the Deputy Attorney General assigned to represent Defendant Kamala D. Harris in this action.

2.      I have personal knowledge of the matters set forth in this declaration and could competently testify if called as a witness, except for matters stated upon information and belief, and as to those matters, I believe them to be true.

3.      A true and correct copy of excerpts of a transcript of the August 28, 1989 hearing on "Televising the Legislature: Serving Democracy in an Electronic Age" is attached to this declaration as Exhibit A.

4.      I downloaded this document from the internet archive, Digital Commons: The Legal Scholarship Repository at Golden Gate University School of Law.

5.      A copy of the full transcript is available for download at http://digitalcommons.law.ggu.edu/caldocs_assembly/306.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this third day of June, 2016, at San Francisco, California.


    __/s/ Peter H. Chang_____
    Peter H. Chang

1